2011 OK JUD ETH 2

**JUDICIAL ETHICS OPINION 2011-2.**

**No. 2011-2.**

Oklahoma Judicial Ethics Advisory Panel.

May 20, 2011.

**JUDICIAL ETHICS ADVISORY PANEL**

¶ 1 Question: May a Judge serve as an Attorney in Fact, due to an appointment in a Durable Power of Attorney, for a relative?

¶ 2 Facts: 1. Judge's spouse's relative appointed Judge's spouse as Attorney in Fact and Judge as Alternate in Durable Power of Attorney.

¶ 3 2. Relative is now medically incapacitated. (Judge's spouse is only living relative of Principal.)

¶ 4 3. Judge is assisting spouse in dealing with medical issues and Nursing Home.

¶ 5 Discussion: 1. Canon 3–Rule 3.8(A) of Oklahoma Code of Judicial Conduct: "Appointment to Fiduciary Position" provides:

"A judge shall not accept appointment to serve in a fiduciary position, such as executor, administrator, trustee, guardian, attorney in fact, or other personal representative, except for the estate, trust, or person of a member of the judge's family, or a member of the judge's household and then only if such service will not interfere with the proper performance of judicial duties."

¶ 6 2. Terminology defines:

"Member of the judge's family" means a spouse, child, grandchild, parent, grandparent, or other relative or person with whom the judge maintains a close familial relationship."

¶ 7 Answer: Yes, only if such service will not interfere with the proper performance of judicial duties.

/s/ Milton C. Craig, Chairman

/s/ Robert E. Lavender, Vice–Chairman

/s/ Vicki L. Robertson, Secretary